UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-21834-KING

EUGENE BODDEN AND DENISE
HOWARD,

       Plaintiffs,

v.

RONAN QUIGLEY,

       Defendant.

_____/

## ORDER ON MOTIONS IN LIMINE

THIS CAUSE comes before the Court upon nine motions in limine and one motion for partial summary judgment, all filed by Defendant on the last day of motion practice. As a preliminary matter, Defendant's ten motions all have deficient certificates of good-faith conferral, which state only that Defendant provided copies of the motions to Plaintiffs but that "it is not yet known whether Plaintiff objects." There was clearly no good-faith conferral as required by Local Rule 7.1(a)(3), despite the fact that Defendant has previously been admonished in this case regarding certificates of conferral (DE 25). That there was no conferral is evidenced further by the fact that Plaintiffs, in many of their responses, state that they agree with the relief sought. The Court has the authority to deny Defendant's motions on this basis alone. Nevertheless, the Court has considered the motions, and the responses and replies thereto.

The following motions *in limine* are denied, either as moot because Plaintiffs agree to the relief requested, or as premature because they concern evidentiary matters that are more appropriately left for the Court to address, if necessary, at trial:

1. Defendant's Motion in Limine Regarding the Accident Report Privilege (DE 31).
2. Defendant's Motion in Limine to Prohibit Plaintiff from Entering into Evidence Medical Bills for Which the Plaintiff has Assigned His Rights to the Providers (DE 32).
3. Defendant's Motion in Limine to Exclude Evidence Relating to Traffic Infractions or Findings of Fault in Relation to This Accident (DE 33).
4. Defendant's Omnibus Motion in Limine (DE 34).
5. Defendant's Motion in Limine to Prohibit Plaintiff from Referring to Insurance, Alamo, Rental Cars, and/or Rental Car Companies (DE 35).
6. Defendant's Motion in Limine to Prohibit Plaintiff from Referring to Tourists and/or Foreigners (DE 36).

Defendant also moves *in limine* to preclude Plaintiffs' treating physicians, Drs. Anthony Hall and Earl C. Mills, from testifying to the cause of injury (DE 40). As grounds, Defendant argues that Plaintiffs did not file expert reports for these physicians under Federal Rule of Civil Procedure 26(a)(2)(B).

This motion *in limine* is denied. First, Plaintiffs are correct that they do not need to provide expert reports under Rule 26(a)(2)(B) in order for the treating physicians to testify, even if the physicians are to provide expert testimony. Treating physicians are expressly contemplated by Rule 26 as a type of expert witnesses who does not need to provide a report. The advisory committee notes to Rule 26 explain:

> The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide such

testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. **A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.**

Fed. R. Civ. P. 26, advisory committee note (1993 amendments) (emphasis added). The advisory committee notes further explain:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) **may both testify as a fact witness and also provide expert testimony** under Evidence Rule 702, 703, or 705. **Frequent examples include physicians or other health care professionals** and employees of a party who do not regularly provide expert testimony.

*Id.* (2010 amendments) (emphasis added). Accordingly, Plaintiffs' treating physicians do not need to provide an expert report under Rule 26(a)(2)(B).

Nevertheless, Plaintiff is still obligated to provide disclosures for those witnesses, if they are to give expert testimony, under Rule 26(a)(2)(C):

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). Plaintiff has satisfied these requirements. Attached to Plaintiffs' response to a different defense motion is "Plaintiff's Rule 26(a)(2) Expert Witness Disclosure" (DE 48-1).[1] In this "Expert Witness Disclosure," Plaintiffs disclosed

---

[1] In Plaintiffs' response to Defendant's Motion to Exclude the treating physicians (DE 40), Plaintiffs point only to their Rule 26(a)(1) initial disclosures in arguing that they satisfied the expert disclosure requirements. But these initial disclosures alone would not

3

"treating doctors/expert witnesses who may testify at trial," including Drs. Hall and Mills. For each doctor, Plaintiffs disclosed that they are expected to render opinions regarding, among other things, the cause of injury. Although the disclosures do not cite specifically to subsection (C) of Rule 26(a)(2), the disclosures as to each doctor satisfy the requirements of that subsection. Specifically, the disclosures contain the subject matter on which the doctors are expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify, including the cause of injury. Drs. Hall and Mills may testify accordingly at trial.[2]

The Court reserves ruling on the remaining three motions *in limine*. Defendant's Motion in Limine to Prevent Admission of Evidence of the Portion of Plaintiff's Medical Bills Discharged by Medical Providers (DE 38) is the subject of a hearing scheduled to take place on Tuesday, October 28, 2014, at 10:45 a.m. (DE 58). The Court will hear argument on the following two motions, if necessary, at the final pretrial conference:

1. Defendant's Motion in Limine to Preclude the Introduction of Speculative Damages at Trial (DE 39).

---

provide a basis for allowing the treating physicians to give expert testimony because expert witnesses must be disclosed "[i]n addition to the disclosures required by Rule 26(a)(1)." Fed. R. Civ. P. 26(a)(2)(A).

[2] The Court notes that, even if the physicians were to testify only as lay witnesses, they might still be able to testify to the cause of injury, depending on whether their opinions about the cause of injury are needed to explain their decision-making processes to the jury or whether their opinions about the cause of injury pertained to treatment (i.e., whether the treating physicians needed to know what caused the accident in order to treat the Plaintiff). *See Chapman v. Procter & Gamble Distrib.*, LLC, 12-14502, 2014 WL 4454979, at *12, n.23 (11th Cir. Sept. 11, 2014); *Wilson v. Taser Intern., Inc.*, 303 Fed. Appx. 708, 712–13 (11th Cir. 2008) (unpublished); *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).

4

2. Defendant's Motion for Partial Summary Judgment (DE 37).

It is therefore, **ORDERED, ADJUDGED, and DECREED** as follows:

1. That Defendant's Motion in Limine Regarding the Accident Report Privilege **(DE 31)** be, and the same is, hereby **DENIED**.

2. That Defendant's Motion in Limine to Prohibit Plaintiff from Entering into Evidence Medical Bills for Which the Plaintiff has Assigned His Rights to the Providers **(DE 32)** be, and the same is, hereby **DENIED**.

3. That Defendant's Motion in Limine to Exclude Evidence Relating to Traffic Infractions or Findings of Fault in Relation to This Accident **(DE 33)** be, and the same is, hereby **DENIED**.

4. That Defendant's Omnibus Motion in Limine **(DE 34)** be, and the same is, hereby **DENIED**.

5. That Defendant's Motion in Limine to Prohibit Plaintiff from Referring to Insurance, Alamo, Rental Cars, and/or Rental Car Companies **(DE 35)** be, and the same is, hereby **DENIED**.

6. That Defendant's Motion in Limine to Prohibit Plaintiff from Referring to Tourists and/or Foreigners **(DE 36)** be, and the same is, hereby **DENIED**.

7. That Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Treating Physicians **(DE 40)** be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 27th day of October, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     All Counsel of Record